FILED IN OPEN COURT
U.S.D.C. Atlanta

IN THE UNITED STATES DISTRICT COURT

MAR 1 5 2006

FOR THE NORTHERN DISTRICT OF GEORGIA

LUTHER D. THOMAS, Clerk

By: _____
Deputy Clerk

ATLANTA DIVISION

UNITED STATES OF AMERICA        :
                                :       CRIMINAL INDICTMENT
            v.                  :
                                :       NO.
CARLOS FABIO CORREA-MEJIA,      :
      a.k.a. Caliche,           :
HERIBERTO TORRES-ROMERO,        :       **1:06-CR-132**
      a.k.a. Johnny,            :
CESAR AUGUSTO GOMEZ,            :
REYNALDO ROJAS-GOMEZ,           :
JHONY ANGULO,                   :
JORGE NAVARRO-ZULUAGA,          :
HELBER RUEDA,                   :
OSCAR REYES,                    :
ENGELBERTO REYES-SOTO, and      :
RAFAEL PERALES                  :

THE GRAND JURY CHARGES THAT:

COUNT ONE

From a date unknown to the grand jury, but at least by on or about July 9, 2004, and continuing until on or about the date of the return of this indictment, within the Northern District of Georgia, Bogota, Colombia, South America, New York, New York, and elsewhere, the defendants,

CARLOS FABIO CORREA-MEJIA, a.k.a. Caliche,
HERIBERTO TORRES-ROMERO, a.k.a. Johnny,
CESAR AUGUSTO GOMEZ,
REYNALDO ROJAS-GOMEZ,
JHONY ANGULO,
JORGE NAVARRO-ZULUAGA,
HELBER RUEDA,
OSCAR REYES,
ENGELBERTO REYES-SOTO, and
RAFAEL PERALES,

together with others, both known and unknown to the grand jury, did knowingly and intentionally combine, conspire, confederate, agree and have a tacit understanding with one another to commit violations of the laws of the United States of America, to wit: Title 18, United States Code, Section 1956(a)(1)(A)(i), (a)(1)(B)(i), and 1957 as follows: to conduct and attempt to conduct, a financial transaction affecting interstate and foreign commerce, (1) which transaction involved the proceeds of a specified unlawful activity, that is, the importation, concealment, buying, selling and otherwise dealing in controlled substances, punishable under the laws of the United States of America, with the intent to promote the carrying on of such specified unlawful activity; and (2) to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; and (3) to knowingly engage, attempt to engage and cause and aid and abet others in engaging in monetary transactions in criminally derived property that was of a value greater than $10,000, in violation of Title 18, United States Code, Section 1957;

## MANNER AND MEANS

In order to further the object of engaging in financial transactions with proceeds of a specified unlawful activity with

the intent to promote the carrying on of the specified unlawful activity and with the intent to conceal and disguise the nature, location, source, ownership and control of said proceeds, and to knowingly engage, attempt to engage and cause and aid and abet others in engaging in monetary transactions in criminally derived property that was of a value greater than $10,000, the conspirators used the following manners and means:

1.  Members of the conspiracy gave instructions to initiate the collection of the proceeds from drug sales, (currency), in various locations, including New York, New York, and Atlanta, Georgia, and members of the conspiracy delivered said drug proceeds to undercover agents.

2.  The proceeds from drug sales in the form of currency (bank notes), which were delivered to undercover agents, were deposited into various financial institutions thereby converting the bank notes into electronic funds maintained in bank accounts.

3.  Affecting interstate and foreign commerce, the electronic funds moved through financial institutions from the original location of the currency pickups to a bank account in Lilburn, Georgia, where it was used to pay for textiles and shipping costs, and for profits, of Be and Ba, LLC.

3

4.    Members of the conspiracy in Colombia received in Colombian pesos an amount approximately equivalent to the amount of U.S. dollars that had been collected in drug proceeds in the United States. Those pesos were generated by the sales of textiles sent by Be and Ba, LLC, from the United States and elsewhere to Colombia and sold to purchasers in Colombia.

5.    In some instances, rather than receiving Colombian pesos generated by sales of textiles in Colombia by Be and Ba, LLC, members of the conspiracy provided instructions and/or caused others to provide instructions via telephone, fax, and/or email to conduct financial transactions (electronic fund transfers), affecting interstate and foreign commerce by moving the electronic funds (drug proceeds picked up and deposited into bank accounts) through financial institutions from the original location of the currency pickups to accounts in the United States and abroad.

All in violation of Title 18, United States Code, Section 1956(h).

COUNT TWO

From a date unknown to the grand jury, but at least by on or about July 9, 2004, and continuing until on or about the date of

the return of this indictment, in the Northern District of Georgia
and elsewhere, the defendants,

CARLOS FABIO CORREA-MEJIA, a.k.a. Caliche,
HERIBERTO TORRES-ROMERO, a.k.a. Johnny,
CESAR AUGUSTO GOMEZ,
REYNALDO ROJAS-GOMEZ,
JHONY ANGULO,
JORGE NAVARRO-ZULUAGA,
HELBER RUEDA,
OSCAR REYES,
ENGELBERTO REYES-SOTO, and
RAFAEL PERALES

together with others, both known and unknown to the grand jury, did
knowingly and intentionally combine, conspire, confederate, agree
and have a tacit understanding with one another to commit
violations of Title 21, United States Code, Section 841(a)(1), that
is, to willfully aid and abet the distribution of at least five (5)
kilograms of a mixture containing cocaine, a Schedule II
controlled substance, and other controlled substances by and
through the "laundering" of proceeds from the sale of cocaine and
other controlled substances.

All in violation of Title 21, United States Code, Sections
841(b)(1)(A)(ii), 841 (b)(1)(C) and 846, and Title 18, United
States Code, Section 2.

<u>COUNTS THREE THROUGH THIRTY-SEVEN</u>

On or about the dates set forth below, in the Northern
District of Georgia and elsewhere, the defendant,

CARLOS FABIO CORREA-MEJIA, a.k.a. Caliche,

5

and other defendants as specified below, aided and abetted by each other and others, both known and unknown to the grand jury, did knowingly conduct, and attempt to conduct, financial transactions affecting interstate and foreign commerce, (1) which transactions involved the proceeds of a specified unlawful activity, that is, the importation, concealment, buying, selling and otherwise dealing in controlled substances, punishable under the laws of the United States of America, with the intent to promote the carrying on of such specified unlawful activity; and (2) to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity:

Relating to the July 9, 2004, money pick-up in New York, New York:

| COUNT | DATE OF TRANSFER | ADDITIONAL DEFENDANTS | APPROXIMATE AMOUNT OF TRANSFER | FUNDS TRANSFERRED TO: |
|---|---|---|---|---|
| 3 | 7/14/04 | JHONY ANGULO | $433,815 | BB&T BANK Lilburn, Georgia |
| 4 | 7/29/04 | JHONY ANGULO | $ 27,316 | BB&T BANK Lilburn, Georgia |

Relating to the August 4, 2004, money pick-up in New York, New York:

| COUNT | DATE OF TRANSFER | ADDITIONAL DEFENDANTS | APPROXIMATE AMOUNT OF TRANSFER | FUNDS TRANSFERRED TO: |
|-------|------------------|------------------------|-------------------------------|------------------------|
| 5 | 8/09/04 | JORGE NAVARRO-ZULUAGA | $295,605 | BB&T BANK Lilburn, Georgia |
| 6 | 8/24/04 | JORGE NAVARRO-ZULUAGA | $ 22,199 | BB&T BANK Lilburn, Georgia |

Relating to the November 29, 2004, money pick-up in New York, New York:

| COUNT | DATE OF TRANSFER | ADDITIONAL DEFENDANTS | APPROXIMATE AMOUNT OF TRANSFER | FUNDS TRANSFERRED TO: |
|-------|------------------|------------------------|-------------------------------|------------------------|
| 7 | 11/30/04 | HELBER RUEDA | $599,937 | SUNTRUST BANK Atlanta, Georgia |
| 8 | 12/01/04 | HELBER RUEDA | $523,451 | BB&T BANK Lilburn, Georgia |
| 9 | 12/01/04 | HELBER RUEDA | $ 38,242 | BB&T BANK Lilburn, Georgia |

Relating to the February 16, 2005, money pick-up in Atlanta, Georgia:

| COUNT | DATE OF TRANSFER | ADDITIONAL DEFENDANTS | APPROXIMATE AMOUNT OF TRANSFER | FUNDS TRANSFERRED TO: |
|-------|------------------|------------------------|-------------------------------|------------------------|
| 10 | 2/17/05 | HERIBERTO TORRES-ROMERO OSCAR REYES ENGELBERTO REYES-SOTO CESAR AUGUSTO GOMEZ | $948,526 | SUNTRUST BANK Atlanta, Georgia |
| 11 | 2/18/05 | HERIBERTO TORRES-ROMERO OSCAR REYES ENGELBERTO REYES-SOTO CESAR AUGUSTO GOMEZ | $851,710 | BB&T BANK Lilburn, Georgia |

| COUNT | DATE OF TRANSFER | ADDITIONAL DEFENDANTS | APPROXIMATE AMOUNT OF TRANSFER | FUNDS TRANSFERRED TO: |
|-------|------------------|-----------------------|-------------------------------|----------------------|
| 12 | 2/25/05 | HERIBERTO TORRES-ROMERO<br>OSCAR REYES<br>ENGELBERTO REYES-SOTO<br>CESAR AUGUSTO GOMEZ | $ 45,568 | BB&T BANK<br>Lilburn, Georgia |

Relating to the April 6, 2005 money pick-up in Atlanta, Georgia:

| COUNT | DATE OF TRANSFER | ADDITIONAL DEFENDANTS | APPROXIMATE AMOUNT OF TRANSFER | FUNDS TRANSFERRED TO: |
|-------|------------------|-----------------------|-------------------------------|----------------------|
| 13 | 4/08/05 | HERIBERTO TORRES-ROMERO<br>OSCAR REYES<br>CESAR AUGUSTO GOMEZ<br>RAFAEL PERALES | $999,970 | SUNTRUST BANK<br>Atlanta, Georgia |
| 14 | 4/08/05 | HERIBERTO TORRES-ROMERO<br>OSCAR REYES<br>CESAR AUGUSTO GOMEZ<br>RAFAEL PERALES | $ 50,000 | MASHREQ BANK PSC |
| 15 | 4/12/05 | HERIBERTO TORRES-ROMERO<br>OSCAR REYES<br>CESAR AUGUSTO GOMEZ<br>RAFAEL PERALES | $ 25,000 | BANK OF AMERICA |
| 16 | 4/12/05 | HERIBERTO TORRES-ROMERO<br>OSCAR REYES<br>CESAR AUGUSTO GOMEZ<br>RAFAEL PERALES | $  3,200 | HANMI BANK |
| 17 | 4/12/05 | HERIBERTO TORRES-ROMERO<br>OSCAR REYES<br>CESAR AUGUSTO GOMEZ<br>RAFAEL PERALES | $ 35,411 | WACHOVIA NY INTL |
| 18 | 4/12/05 | HERIBERTO TORRES-ROMERO<br>OSCAR REYES<br>CESAR AUGUSTO GOMEZ<br>RAFAEL PERALES | $ 48,280 | WACHOVIA NY INTL |

| COUNT | DATE OF TRANSFER | ADDITIONAL DEFENDANTS | APPROXIMATE AMOUNT OF TRANSFER | FUNDS TRANSFERRED TO: |
|---|---|---|---|---|
| 19 | 4/12/05 | HERIBERTO TORRES-ROMERO OSCAR REYES CESAR AUGUSTO GOMEZ RAFAEL PERALES | $ 8,500 | BANK UNITED FSB |
| 20 | 4/12/05 | HERIBERTO TORRES-ROMERO OSCAR REYES CESAR AUGUSTO GOMEZ RAFAEL PERALES | $ 8,000 | BANK UNITED FSB |
| 21 | 4/12/05 | HERIBERTO TORRES-ROMERO OSCAR REYES CESAR AUGUSTO GOMEZ RAFAEL PERALES | $ 22,000 | HSBC BANK USA New York, NY |
| 22 | 4/12/05 | HERIBERTO TORRES-ROMERO OSCAR REYES CESAR AUGUSTO GOMEZ RAFAEL PERALES | $ 10,000 | FIRST UNION NATL BANK for beneficiary KOREA EXCHANGE BANK |
| 23 | 4/12/05 | HERIBERTO TORRES-ROMERO OSCAR REYES CESAR AUGUSTO GOMEZ RAFAEL PERALES | $ 18,000 | UFJ BANK LIMITED TOKYO Osaka, Japan |
| 24 | 4/12/05 | HERIBERTO TORRES-ROMERO OSCAR REYES CESAR AUGUSTO GOMEZ RAFAEL PERALES | $ 20,000 | NORTHWEST BANK OF TEXAS |
| 25 | 4/12/05 | HERIBERTO TORRES-ROMERO OSCAR REYES CESAR AUGUSTO GOMEZ RAFAEL PERALES | $ 25,865 | UNION PLANTERS BANK, N.A. |
| 26 | 4/12/05 | HERIBERTO TORRES-ROMERO OSCAR REYES CESAR AUGUSTO GOMEZ RAFAEL PERALES | $ 77,000 | CITIBANK FEDERAL SAVINGS BANK |

| COUNT | DATE OF TRANSFER | ADDITIONAL DEFENDANTS | APPROXIMATE AMOUNT OF TRANSFER | FUNDS TRANSFERRED TO: |
|---|---|---|---|---|
| 27 | 4/12/05 | HERIBERTO TORRES-ROMERO OSCAR REYES CESAR AUGUSTO GOMEZ RAFAEL PERALES | $120,289 | CITIBANK NYC for beneficiary CONAVI BANCO COMERCIAL Y DE AHORRO |
| 28 | 4/12/05 | HERIBERTO TORRES-ROMERO OSCAR REYES CESAR AUGUSTO GOMEZ RAFAEL PERALES | $ 17,000 | BANK OF CHINA GUANGDONG BRANCH |
| 29 | 4/12/05 | HERIBERTO TORRES-ROMERO OSCAR REYES CESAR AUGUSTO GOMEZ RAFAEL PERALES | $ 38,500 | BANK OF CHINA |
| 30 | 4/12/05 | HERIBERTO TORRES-ROMERO OSCAR REYES CESAR AUGUSTO GOMEZ RAFAEL PERALES | $ 10,000 | BANK OF AMERICA Miami, Florida |
| 31 | 4/12/05 | HERIBERTO TORRES-ROMERO OSCAR REYES CESAR AUGUSTO GOMEZ RAFAEL PERALES | $ 10,000 | BANK OF AMERICA Miami, Florida |
| 32 | 4/12/05 | HERIBERTO TORRES-ROMERO OSCAR REYES CESAR AUGUSTO GOMEZ RAFAEL PERALES | $100,000 | WACHOVIA BANK NA OF FLORIDA |
| 33 | 4/14/05 | HERIBERTO TORRES-ROMERO OSCAR REYES CESAR AUGUSTO GOMEZ RAFAEL PERALES | $ 90,000 | WACHOVIA BANK NA OF FLORIDA |
| 34 | 4/14/05 | HERIBERTO TORRES-ROMERO OSCAR REYES CESAR AUGUSTO GOMEZ RAFAEL PERALES | $ 90,924 | WASHINGTON MUTUAL BANK F.A. |

| COUNT | DATE OF TRANSFER | ADDITIONAL DEFENDANTS | APPROXIMATE AMOUNT OF TRANSFER | FUNDS TRANSFERRED TO: |
|---|---|---|---|---|
| 35 | 4/14/05 | HERIBERTO TORRES-ROMERO OSCAR REYES CESAR AUGUSTO GOMEZ RAFAEL PERALES | $ 25,000 | TRANSATLANTIC BANK |
| 36 | 4/15/05 | HERIBERTO TORRES-ROMERO OSCAR REYES CESAR AUGUSTO GOMEZ RAFAEL PERALES | $ 87,000 | WACHOVIA BANK NA OF GEORGIA |
| 37 | 4/29/05 | HERIBERTO TORRES-ROMERO OSCAR REYES CESAR AUGUSTO GOMEZ RAFAEL PERALES | $ 20,000 | BB&T BANK Lilburn, Georgia |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i) and 2.

COUNT THIRTY-EIGHT

INTRODUCTION

1.    At all times relevant to this Indictment:

a.    Money transmitting businesses are required by federal law to register with the Secretary of the Treasury of the United States, to file reports of suspicious activity by customers, and to report cash transactions in amounts greater than $10,000.00 unless specifically exempted by law;

b.    As used, "money transmitting" includes transferring funds within the United States and abroad by courier;

c.    As used, "unlicensed money transmitting business" means a money transmitting business which affects interstate

11

commerce and foreign commerce in any manner and degree and otherwise involves the transportation and transmission of funds that are known to have been derived from a criminal offense or are intended to be used to promote and support unlawful activity; and

d.    As used, "criminal offense" and "unlawful activity" mean the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act).

## OFFENSE CONDUCT

Beginning on a date unknown to the grand jury, but at least by on or about February 16, 2005, and continuing until at least on or about April 6, 2005, in the Northern District of Georgia and elsewhere, the defendants,

OSCAR REYES,
ENGELBERTO REYES-SOTO, and
RAFAEL PERALES

aided and abetted by each other and others, both known and unknown to the grand jury, did knowingly conduct, control, manage, supervise and direct an unlicensed money transmitting business which affected interstate and foreign commerce by the transportation and transmission of funds that were known to have been derived from a criminal offense, and were intended for use to promote and support said unlawful activity, all in violation of Title 18, United States Code, Section 1960(a) and Section 2.

12

## FORFEITURE PROVISIONS

Pursuant to Title 18, United States Code, Section 982(a)(1), each defendant who is convicted of one or more of the offenses set forth in Counts one, three through thirty-seven, and thirty-eight of this Indictment, shall forfeit to the United States the following property:

a. All right, title, and interest in any and all property involved in each offense in violation of Title 18, United States Code, Sections 1956, 1957, 1960 or conspiracy to commit such offense, for which the defendant is convicted, and all property traceable to such property, including the following: 1) all money or other property that was the subject of each transaction, transportation, transmission or transfer in violation of Section 1956, 1957 or 1960; 2) all commissions, fees and other property constituting proceeds obtained as a result of those violations; and 3) all property used in any manner or part to commit or to facilitate the commission of those violations, including but not limited to:

1.    MONEY JUDGMENT

A sum of money equal to the total amount of money involved in each offense, or conspiracy to commit such offense, for which the defendant is convicted.

13

If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense.

2. BANK ACCOUNTS

a. An amount not to exceed $25,000.00 from an account maintained at Bank of America, account number 00344770511 (Somos Ford);

b. An amount not to exceed $10,000.00 from an account maintained at Bank of America, account number 003444414726 (All Comp USA Inc.);

c. An amount not to exceed $10,000.00 from an account maintained at Bank of America, account number 003765071630 (ICT Latin Express);

d. An amount not to exceed $77,000.00 from an account maintained at Citibank, account number 3290081072 (Pro Med Company);

e. An amount not to exceed $3,200.00 from an account maintained Hanmi Bank, account number 500010967 (Lucy Paris);

f. An amount not to exceed $22,000.00 from an account maintained at Marine Midland Bank, account number 942103742 (Liberty World Trade, Inc.);

g. An amount not to exceed $20,000.00 from an account maintained Northwest Bank of Texas, account number 7110462580 (Quality Parts Supply, LTDA);

h. An amount not to exceed $25,865.39 from an account maintained Union Men-Union Planters Bank, account number 9600110879 (Carmen Urdaneta);

i. An amount not to exceed $16,500.00 from an account maintained at United Bank, account number 005-9002085 (Promo International Inc.);

j. An amount not to exceed $83,892.40 from an account maintained at Wachovia Bank, account number 2000192002477 (Ultrabursatiles, S.A.);

k. An amount not to exceed $100,000.00 from an account maintained Wachovia Bank 2000015850874 (Salca International, D.B.A. Prestige Motors of Brevard);

l. An amount not to exceed $25,000.00 from an account maintained Transatlantic Bank, account number 2055553906 (Olympia Trading Company);

15

m. An amount not to exceed $90,000.00 from an account maintained Wachovia Bank, account number 2000023574061 (Compucol Export, Inc.);

n. An amount not to exceed $90,924.09 from an account maintained at Washington Mutual Bank, account number 0933938724 (Rosa Elvira Casa);

o. An amount not to exceed $87,000.00 from an account maintained at Wachovia Bank, account number 1000781930757 (Jorge Cristancho).

Additionally, upon conviction of the controlled substance offense alleged in Count two of this Indictment, the defendant(s), shall forfeit to the United States pursuant to 21 U.S.C. § 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violation and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violation, including but not limited to the following:

1.    MONEY JUDGMENT

A sum of money equal to the total amount of money involved in each offense, or conspiracy to commit such offense, for which the defendant is convicted. If more than one defendant is convicted of an

16

offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense.

2. BANK ACCOUNTS

a. An amount not to exceed $25,000.00 from an account maintained at Bank of America, account number 00344770511 (Somos Ford);

b. An amount not to exceed $10,000.00 from an account maintained at Bank of America, account number 003444414726 (All Comp USA Inc.);

c. An amount not to exceed $10,000.00 from an account maintained at Bank of America, account number 003765071630 (ICT Latin Express);

d. An amount not to exceed $77,000.00 from an account maintained at Citibank, account number 3290081072 (Pro Med Company);

e. An amount not to exceed $3,200.00 from an account maintained Hanmi Bank, account number 500010967 (Lucy Paris);

f. An amount not to exceed $22,000.00 from an account maintained at Marine Midland Bank, account number 942103742 (Liberty World Trade, Inc.);

g. An amount not to exceed $20,000.00 from an account maintained Northwest Bank of Texas, account number 7110462580 (Quality Parts Supply, LTDA);

h. An amount not to exceed $25,865.39 from an account maintained Union Men-Union Planters Bank, account number 9600110879 (Carmen Urdaneta);

i. An amount not to exceed $16,500.00 from an account maintained  at United Bank, account number 005-9002085 (Promo International Inc.);

j. An amount not to exceed $83,892.40 from an account maintained at Wachovia Bank, account number 2000192002477 (Ultrabursatiles, S.A.);

k. An amount not to exceed $100,000.00 from an account maintained Wachovia Bank 2000015850874 (Salca International, D.B.A. Prestige Motors of Brevard);

l. An amount not to exceed $25,000.00 from an account maintained Transatlantic Bank, account number 2055533906 (Olympia Trading Company);

m. An amount not to exceed $90,000.00 from an account maintained  Wachovia Bank, account number 2000023574061 (Compucol Export, Inc.);

18

n. An amount not to exceed $90,924.09 from an account maintained at Washington Mutual Bank, account number 0933938724 (Rosa Elvira Casa);

o. An amount not to exceed $87,000.00 from an account maintained at Wachovia Bank, account number 1000781930757 (Jorge Cristancho).

If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

(a)  cannot be located upon the exercise of due diligence;

(b)  has been transferred or sold to, or deposited with, a third party;

(c)  has been placed beyond the jurisdiction of the court;

(d)  has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant(s) up to the value of the forfeitable property described above.

All pursuant to Title 18, United States Code, Section 982(a)(1) and Title 21, United States Code, Section 853, and Rule 32.2(a), Federal Rules of Criminal Procedure.

A _____ _True_ _____ BILL

_____
FOREPERSON

DAVID E. NAHMIAS
UNITED STATES ATTORNEY

SANDRA E. STRIPPOLI
ASSISTANT UNITED STATES ATTORNEY
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404/581-6000 OFFICE
404/581-6171 FACSIMILE
Georgia Bar No. 688565

EVAN S. WEITZ
ASSISTANT U.S. ATTORNEY
GEORGIA BAR NO. Provisionally
Admitted Pursuant to Local Rule 83.1
600 U.S. COURTHOUSE
75 SPRING STREET, S.W.
ATLANTA, GEORGIA 30303
(404) 581-6036 OFFICE
(404) 581-6234 FACSIMILE

20